# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ARTHUR WIGGINS, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | _____ |
| ) | |
| v. ) | [On Removal from Superior Court of |
| ) | Monroe County, Civil Action No. |
| CRST EXPEDITED, INC.; ) | 2022-SU-CV-0308] |
| CRST MALONE, INC. D/B/A ) | |
| CRST DEDICATED SERVICES ) | **JURY TRIAL DEMANDED** |
| INC.; ALBERT WAYNE ) | |
| CALHOUN and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant CRST Expedited, Inc. ("CRST"), hereby removes the above-captioned action, filed by Plaintiff Arthur Wiggins ("Plaintiff"), in the Superior Court of Monroe County, in the State of Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, respectfully showing the Court as follows:

## GROUNDS FOR REMOVAL

1. Plaintiff commenced the action styled *Arthur Wiggins v. CRST Expedited, Inc., CRST Malone, Inc. d/b/a CRST Dedicated Services Inc., Albert*

*Wayne Calhoun and John Doe,* Civil Action File No. 2022-SU-CV-0308, by filing a complaint in the Superior Court of Monroe County, in the State of Georgia, (the "State Court Action") on August 3, 2022. *See* Complaint for Damages ("Complaint"), attached as **Exhibit ["Ex."] A.**

2. Plaintiff has filed suit in connection with a motor vehicle accident that occurred on State Road 401 near its Rumble Road exit in Monroe County, Georgia, on or about August 15, 2020. *See* **Ex. A** at ¶ 13. In the Complaint, Plaintiff seeks damages from Defendant Albert Wayne Calhoun ("Mr. Calhoun") for his alleged negligence in operating a vehicle on behalf of CRST and Defendant CRST Malone, Inc. ("Malone"). *Id.* at ¶¶ 12-17. Plaintiff asserts that CRST and Malone are liable under a *respondeat superior* theory. *Id.* at ¶ 36.

3. As set forth more fully below, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendants, and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441, 1446, and 1332.

4. Moreover, the United States District Court for the Middle District of Georgia, Macon Division, is the appropriate court for filing this Notice of Removal

pursuant to 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

5. Plaintiff is domiciled in the State of Florida, such that he is a citizen of Florida. *See, e.g.,* Accident Report, **Ex. B**; WellStar Bill, **Ex. C**; *see also Ennis v. Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary."); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6. CRST is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. *See* **Ex. A** at ¶ 5; *see also* CRST Annual Corporate Georgia Registration, **Ex. D**. CRST is therefore deemed a citizen of Iowa for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). CRST received service of the Complaint on August 16, 2022, as evidenced by the Sheriff's Entry of Service, **Ex. E**.

7. At the time of the motor vehicle accident giving rise to Plaintiff's Complaint, Malone was a Delaware corporation with its principal place of business in Birmingham, Alabama. *See* **Ex. A** at ¶ 6; *see also* CRST Annual Corporate Alabama Registration, **Ex. F**. Malone has since withdrawn its corporate registration, but Malone should be deemed a citizen of Delaware, the state it was

incorporated, for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c); *see also Holston Investments, Inc. B.V.I. v. LanLogistics Corp.* 677 F.3d 1068, 1071 (11th Cir. 2012) (adopting the Third Circuit's test that "a dissolved or inactive corporation is a citizen only of the state in which it was incorporated" for purposes of diversity jurisdiction). As a result, Malone is a Delaware corporation.

8. Mr. Calhoun is domiciled in Texas such that he is a citizen of Texas. *See, e.g.,* **Ex. A** at ¶ 3; *Ennis*, 55 U.S. at 423; *McCormick*, 293 F.3d at 1257. Mr. Calhoun received service of process on August 11, 2022. *See* Aff. of Service for Mr. Calhoun, **Ex. G**. The undersigned also represents Mr. Calhoun, and he consents to this removal.

9. Based on the foregoing, pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship between Plaintiff and every Defendant.

10. As of the submission of this filing, no Defendants have filed an answer or responsive pleading to the Complaint in the State Court Action.

11. Given that this Notice of Removal is being filed within 30 days of service of the initial pleadings to CRST, it is timely pursuant to 28 U.S.C. § 1446(b).

12. Plaintiff's Complaint alleges "bodily injuries, medical expenses, economic damages, as well as past, present and future physician and emotional

pain and suffering." *See* **Ex. A** at ¶ 54. Further, Plaintiff submitted pre-suit settlement correspondence claiming $184,882.02 in medical expenses. *See* 4/15/22 Settlement Correspondence, attached as **Ex. H**. "[A] defendant may remove within thirty days from the date it receives other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Documents constituting other paper include discovery responses, settlement offers, deposition testimony, demand letters, and e-mails." *Helmly v. Kmart Corp.*, No. CV 616-023, 2016 WL 5419435, at *3 (S.D. Ga. Sept. 27, 2016); *see also Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 & n. 62 (11th Cir. 2007) (acknowledging that district courts may consider settlement letters to determine if the amount in controversy exceeds $75,000). As such, it is apparent that the jurisdictional requirement for removal to this Court is satisfied. 28 U.S.C. § 1332(a).

13.     Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on CRST are attached hereto. *See* **Ex. A**. No orders have been served on CRST as of the date of this filing.

14.     Pursuant to 28 U.S.C. § 1446(d), CRST will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the

Superior Court of Monroe County, in the State of Georgia, a copy of this Notice of Removal. *See* Notice of Filing Notice of Removal, attached as **Ex. I**.

15. Based on the foregoing, and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendants and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.

16. Further, CRST demands a jury trial on all the issues so triable.

17. The filing fee of $402.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, CRST respectfully requests that the above captioned action, filed by Plaintiff in the Superior Court of Monroe County, in the State of Georgia, be REMOVED to the United States District Court for the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted and signed, pursuant to Fed. R. Civ. P. 11, on this 8th day of September, 2022, by:

- 7 -

                WEINBERG, WHEELER,
                HUDGINS, GUNN & DIAL, LLC

                */s/ Brannon J. Arnold*
                Brannon J. Arnold
                Georgia Bar No. 218034
                Jason T. Vuchinich
                Georgia Bar No. 537503
                3344 Peachtree Road N.E., Suite 2400
                Atlanta, Georgia 30326
                404-876-2700
                barnold@wwhgd.com
                jvuchinich@wwhgd.com

                *Counsel for CRST Expedited, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon all counsel of record via the Court's electronic filing system and by U.S. and/or electronic mail, as follows:

Christopher J. Adams
KENNETH S. NUGENT, P.C.
The Peachtree, Suite 1000
Atlanta, Georgia 30309
cadams@attorneykennugent.com

Jan P. Cohen
KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096
jcohen@attorneykennugent.com

*Counsel for Plaintiff*

This 8th day of September, 2022.

> */s/ Brannon J. Arnold*
> Brannon J. Arnold