IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ARTHUR WIGGINS, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 5:22-cv-00328-TES |
| v. | ) | |
| | ) | |
| CRST EXPEDITED, INC.; | ) | |
| CRST MALONE, INC. D/B/A | ) | |
| CRST DEDICATED SERVICES | ) | |
| INC.; ALBERT WAYNE | ) | |
| CALHOUN and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on September 29, 2022. In accordance with the Court's Rules 16 and 26 Order dated September 20, 2022, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

I.    **Nature of the Case:**

The collision forming the basis of this lawsuit occurred on August 15, 2020, on State Road 401 in Monroe County, Georgia. At the time of the accident, Plaintiff was operating a Hyundai Tuscon and Defendant Arthur Calhoun was operating a 2020 Freightliner Cascadia. Both vehicles were traveling South when Defendant Arthur Calhoun's vehicle impacted Plaintiff's

vehicle. As a result of the subject accident, Plaintiff seeks damages for medical expenses and pain and suffering.

## II.     Counsel of Record:

The following individually-named attorneys are designated as lead counsel for the parties:

Christopher D. Stokes
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423-South
Atlanta, Georgia 30309
chris@rafilawfirm.com

*Counsel for Plaintiff*

Brannon J. Arnold
Weinberg, Wheeler, Hudgins,
Gunn & Dial, LLC
3344 Peachtree Road N.E., Suite 2400
Atlanta, Georgia 30326
barnold@wwhgd.com

*Counsel for Defendants*

## III.    Complaint and Answer filing dates:

Complaint was filed:      August 3, 2022

Answer was filed:         September 15, 2022

## IV.   Discovery Deadlines:

### A.   Time for Discovery

The time for discovery in this case shall expire April 18, 2023, that being no more than 180 days after the submission of the Proposed Order to the Court.

### B.   Scope of Discovery

*Please state the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues. See Fed. R. Civ.  P. 26(b)(1), (f)(3)(B).*

Liability, Causation, and Damages. The parties do not anticipate the need to conduct discovery in phases.

### C.   Electronically Stored Information

*Please discuss any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. See Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).*

The parties generally agree to the discovery and production of electronically stored information and agree to meet and confer regarding specific discovery requests as to the appropriate limits of production and the potential necessity of an agreed-upon protective order of confidentiality.

### D.   Privilege Claims

*Please discuss any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. See Fed. R. Civ. P. 16(b)(3)(B)(iv), 26(f)(3)(D).*

The parties generally agree to protect privileged documents but expect each party will produce a privilege log in accordance with the Local Rules and the Federal Rules of Civil Procedure. The parties also agree to honor another parties' request to claw back inadvertently produced privileged documents so long as the privilege assertion is reasonable and in good faith.

**E.** **Witnesses to be Deposed**

*Please include the name and address of every witness to be deposed.*

Arthur Wiggins
c/o Christopher D. Stokes
Rafi Law Firm, LLC
1776 Peachtree Street NW
Suite 423-South
Atlanta, Georgia 30309

Albert Calhoun
c/o Brannon J. Arnold
Weinberg, Wheeler, Hudgins,
Gunn & Dial, LLC
3344 Peachtree Road N.E., Suite 2400
Atlanta, Georgia 30326

Dr. Shahram Rezaiamiri
AllSpine Surgery Center
900 Eagles Landing Pkwy
Stockbridge, Georgia 30281

Deputy Luther Williams
Monroe County Sheriff's Office
145 L. Cary Bittick Drive
Forsyth, Georgia 31029

Given that discovery has not yet begun, the parties expect that additional witnesses will be identified, such as Plaintiff's treatment

providers, additional witnesses if they exist, Plaintiff's family members or friends, and corporate representatives of parties and/or nonparties.

**F.   Expert Witnesses**

**1. Designation of Experts**

> The Parties must disclose the identity of any expert witness on or before January 18, 2023, that being no more than 90 days after the submission of the Proposed Order to the Court.

**2. Expert Reports**

> Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before February 28, 2023, that being no more than 160 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**G.   Discovery Limitations or Need for Protective Order**

> The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded. The parties further agree that all discovery requests must comply with the Local Rules.

**H.   Discovery Disputes**

> Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Cheryl Collins, Courtroom Deputy (478.752.2603) to request a telephone conference with the Court.

**V.    Time for Filing Motions:**

**A.**     <u>**Motions to Amend the Pleadings or to Join Parties**</u>

All motions seeking to amend the pleadings or to join parties must be filed no later than December 19, 2022, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

**B.**     <u>**Dispositive Motions**</u>

All dispositive motions must be filed no later than May 18, 2023, that being no more than 30 days after the expiration of discovery in this case.

**C.**     <u>***Daubert* Motions**</u>

All *Daubert* motions must be filed no later than May 18, 2023, that being no more than 30 days after the expiration of discovery in this case.

**VI.    Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 20th day of October, 2022.

                              RAFI LAW FIRM, LLC


                              */s/ Christopher D. Stokes*
                              Christopher D. Stokes
                              Georgia Bar No. 891532
                              1776 Peachtree Street NW
                              Suite 423-South

Atlanta, Georgia 30309
chris@rafilawfirm.com

*Counsel for Plaintiff*

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Jason T. Vuchinich*
Brannon J. Arnold
Georgia Bar No. 218034
Jason T. Vuchinich
Georgia Bar No. 537503
3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia 30326
404-876-2700
barnold@wwhgd.com
jvuchinich@wwhgd.com

*Counsel for Defendants*

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan, as modified by the Court, and **MAKES IT THE ORDER OF THE COURT**.

SO ORDERED, this _____ day of _____, 2022.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT